UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY VAUGHN, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-50-PPS-JEM |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Gregory Vaughn, Jr., a prisoner without a lawyer, is proceeding in this case on two claims. First, there are the set of claims against Officer Kevin Cross, Lieutenant Nadine Smith-Robinson, Officer Darnell Crockett, Sergeant Jeniene Walton, Lieutenant Dennis Koen, Jacqueline Mayes, and Dr. Christina Chico "in their personal capacity for money damages for denying him medical care for injuries he suffered in a January 2023 fire in violation of the Eighth Amendment." Second, there are the claims against Commissioner Christina Reagle, Warden Ron Neal, Assistant Warden Dawn Buss, Major Douglas Wardlow, Safety Hazard Manager Deborah Taylor, and Supervisor of Fire Training Gordon Beecher "in their personal capacity for monetary damages for deliberate indifference to the risk of harm posed by a fire that occurred in January 2023 in violation of the Eighth Amendment[.]" ECF 8 at 11.

On October 15, 2024, the defendants filed motions for summary judgment, arguing Vaughn did not exhaust his available administrative remedies before filing this lawsuit. ECF 47, ECF 51. With the motions, the defendants provided Vaughn the notice

required by N.D. Ind. L.R. 56-1(f). ECF 50, ECF 54. Attached to the notices were copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. Vaughn's deadline to respond was extended to January 17, 2025. ECF 57. This deadline passed over three months ago, but Vaughn still has not responded. Therefore I will now rule on the defendants' summary judgment motions.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Indiana State Prison ("ISP") and Vaughn's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at ISP. ECF 47-1 at 2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3. Vaughn's grievance records do not indicate he ever submitted or attempted to submit any grievances related to his claims in this lawsuit. *Id.* at 9-10; ECF 47-3 at 1.

Here, the defendants have met their burden to show Vaughn did not exhaust his available administrative remedies before filing this lawsuit, as they provide undisputed

---

[1] Because Vaughn has not responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Vaughn's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

evidence the grievance office never received any relevant grievance from Vaughn. Vaughn doesn't respond to this argument or provide any evidence his administrative remedies were in any way unavailable. Thus, because the defendants have met their burden to show Vaughn did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in their favor.[2]

For these reasons, the court:

(1) GRANTS the defendants' motions for summary judgment (ECF 47; ECF 51); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Gregory Vaughn, Jr., and to close this case.

SO ORDERED.

ENTERED:  April 23, 2025.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Vaughn alleged in his complaint that he filed an "emergency grievance" and never received any receipt or response from the grievance office. ECF 2 at 17. Vaughn doesn't raise this argument in response to the summary judgment motion. Regardless, accepting as true that Vaughn submitted an emergency grievance and never received any receipt or response from the grievance office, the undisputed facts still show Vaughn had administrative remedies he did not exhaust because there's no evidence Vaughn ever notified the Grievance Specialist about the lack of response to his emergency grievance. *See* ECF 47-2 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days"); *Lipscomb v. Galipeau*, No. 3:22-CV-106-JD-MGG, 2023 WL 1778435, at *3 (N.D. Ind. Feb. 6, 2023) (granting summary judgment to the defendant because the inmate did not provide evidence he notified the Grievance Specialist after not receiving a response to his grievance).

4